## MEYER v. HURWITZ.

(District Court, E. D. Pennsylvania. May 15, 1925.)

No. 3321.

**1. Literary property ⊜⇒5—Copying of uncopyrighted post cards cannot be restrained.**

Defendant's copying of uncopyrighted picture post cards, which plaintiff was distributing to the public, unassociated with other acts, cannot be restrained.

**2. Trade-marks and trade-names and unfair competition ⊜⇒68—Manufacturer cannot be restrained from selling vending machines and post cards in competition with similar business of plaintiff.**

Manufacturer of picture post cards cannot be restrained from selling coin-operated vending machines and post cards in competition with plaintiff's long-established business of same kind.

**3. Trade-marks and trade-names and unfair competition ⊜⇒77—Appropriation of plaintiff's business of selling picture post cards through coin-vending machines restrained.**

Where manufacturer of picture post cards built up business of selling uncopyrighted picture post cards through coin-operated vending machines, defendant could not appropriate to himself such organization by selling similar cards at lower prices to dealers to be sold through plaintiff's machines, notwithstanding dealers who purchased machines did not contract to use plaintiff's cards exclusively.

In Equity. Suit by J. Frank Meyer, trading as the Exhibit Supply Company, against Louis Hurwitz, trading as the United Post Card Supply Company. On plaintiff's motion for preliminary injunction. Motion granted.

Howson & Howson, Kenneth N. Ware, and Robert T. McCracken, all of Philadelphia, Pa., for plaintiff.

Maxwell Shapiro, of New York City, and Henry B. Friedman, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. From the verified bill of complaint and the affidavits in support of the motion for preliminary injunction and the verified answer, the following facts are found for the purposes of the motion: The plaintiff, under the name of the Exhibit Supply Company, has, for more than 20 years, been in the business of the manufacture and sale of picture post cards representing stage and motion picture celebrities in character roles, boxers, wrestlers, baseball players, cowboys, and the like. A new series of these cards are issued every 60 days, publishing rights being procured from the subjects of the photographs.

In order to create and maintain a demand and large sales for the post cards, which are sold at retail for one cent apiece, the plaintiff designed a coin-operated vending machine, especially adapted to dispense his cards, which he has been selling and distributing for about 20 years. This machine has no other utility except for the purpose indicated. The plaintiff sells his machines substantially at cost to individuals in various cities in this country and Canada and sells his cards at a low price so that they may be sold from the coin-operated vending machine at one cent apiece at a profit to the retail vendor. The plaintiff's cards are sold exclusively to the purchasers of the vending machines and by them dispensed through the machines.

For some years past these machines have borne a notice in ornamental form on the front, consisting of the words "Man'f'd by Exhibit Supply Co. not Inc. Chicago, Ill." Some of the distributors have bought a large number of these machines, and, in one instance, as appears by affidavits, approximately 250 are owned and operated by one customer. The machines are sold frequently upon credit, the profit derived by the distributor from the retail sales enabling him to pay the purchase price of the machine.

A few weeks prior to the filing of the bill, the plaintiff caused to be placed upon the front of the machines the following sign, "Exhibit Supply Co.'s Cards," and also a prominently displayed card bearing the words, "This machine vends cards made exclusively by Exhibit Supply Co., Chicago."

Late in 1923, and some months prior to the placing upon the machines of the notices above referred to, the defendant, Louis Hurwitz, purchased on credit from the plaintiff 50 of the machines and an appropriate supply of cards. He failed to complete the payments on the machines and subsequently disposed of them, and then began the manufacture and sale of cards substantially similar in subject-matter and in many cases identical with the pictures theretofore and then sold by the plaintiff and so designed as to permit of their being dispensed by the machines in the hands of the plaintiff's distributors; it being necessary in the use of the cards in the machines that they be of precisely the correct length, breadth, and thickness.

The defendant, at first, adopted as his trade-name the title "Eastern Exhibit Supply Company," which, upon protest from the plaintiff, he afterwards changed to "United Post Card Supply Company." The

defendant, through negotiations by correspondence and visits, has sold cards of his own manufacture to the distributors of the plaintiff's cards and has induced them and attempted to induce them to sell his cards, without regard to the notices upon the plaintiff's machine, at lower prices than those of the plaintiff. The plaintiff has, through the sales by Hurwitz to its customers, lost a substantial part of its business and profits. Moreover, it appears in some instances that cards furnished by Hurwitz have, through lack of thickness identical with that of the plaintiff's cards, caused the machine to fail to function as the plaintiff's cards cause it to do, whereby the intended purchaser, who has deposited his coin, has failed to receive the expected card.

[1-3] So far as the defendant's dealings with the plaintiff's distributors are concerned, it is apparent that the facts above stated do not constitute a case of unfair competition under the rule as to passing off, because he has not attempted to represent to the plaintiff's customers that his cards were those of the plaintiff, and hence, in so far as his dealings with the plaintiff's customers are concerned, he cannot be held to have passed off his cards as those of the plaintiff. The plaintiff's machines are not sold under a contract to use exclusively the plaintiff's cards and the cards are not protected by a copyright. The defendant, nevertheless, is, contrary to equity and good conscience, appropriating to himself the system and organization which the plaintiff, through many years of expenditure of effort and money has built up. His copying of the plaintiff's uncopyrighted cards, unassociated

with other acts, cannot be restrained. Bamforth v. Douglass Post Card & Machine Co. (C. C.) 158 F. 355. Neither can he be restrained from competing with the plaintiff in the business of selling coin-operated machines and cards for the purpose of carrying on the same business which is now being carried on by the plaintiff. But after the plaintiff has, through years of effort and expenditure, built up a system and organized a business, the defendant may not, by associating therewith a right which is not denied him, that of imitating the plaintiff's uncopyrighted cards, appropriate to himself the plaintiff's system and organization for the purpose of underselling him and appropriating to himself profits to which the plaintiff through his efforts, expenditures, and industry is entitled.

Without going into a general discussion of the authorities, I think this conclusion is supported by a line of cases which, while distinguishing a situation like the one before us from the ordinary unfair competition case where the element of passing off is present, yet maintain the power of a court of equity to restrain such unfair practices. Board of Trade v. Christie Grain & Stock Co., 198 U. S. 236, 25 S. Ct. 637, 49 L. Ed. 1031; Fonotipia v. Bradley (C. C.) 171 F. 951; National Tel. News Co. et al. v. Western Union Tel. Co., 119 F. 294, 56 C. C. A. 198, 60 L. R. A. 805; Illinois Commission Co. et al. v. Cleveland Tel. Co. et al., 119 F. 301, 56 C. C. A. 205; Bitterman v. Louisville & Nashville Railroad Co., 207 U. S. 205, 28 S. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693.

A preliminary injunction may issue.